# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

MAURINDA F. ALLEN

    Plaintiff,

v.

GAMEL ACCOUNTING & TAX RESOLUTION INC.; EDILENE JOHANSSON and JESSICA BUSH

    Defendants.

Case No.:

---

## COMPLAINT FOR VIOLATION OF
## THE FAIR LABOR STANDARDS ACT

---

Plaintiff, MAURINDA F. ALLEN, F/K/A/ MAURINDA F. SCALES, brings this lawsuit against the above-captioned Defendants, GAMEL ACCOUNTING & TAX RESOLUTION INC., EDILENE JOHANSSON and JESSICA BUSH, (hereinafter collectively referred to as "Defendants") for violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et. seq.* (the "FLSA") for failure to pay overtime wages, and failure to timely pay overtime wages, and unlawful retaliation and retaliatory discharge in violation of Section 215 of the FLSA.

## *Introduction*

1.  As explained herein, an employer violates the FLSA when it does not pay minimum wages or overtime compensation to any employee who is non-exempt.

2.  Employees are either exempt or non-exempt and the key to determination of exempt status does not depend on employer's general characterization of job; what is important is what employee actually does on a day-to-day basis. *Ale v. Tennessee Valley Authority,* 269 F.3d 688, 691 (6th Cir. 2001).

3.  It is well settled that employees are *presumed* to be non-exempt; that is, that they are entitled to overtime at the rate of time and one-half their regular hourly rate for hours worked after 40 each week. *Ale v. Tennessee Valley Authority,* 269 F.3d 680, 683 (6th Cir. 2001).

4.  There is no exemption to the FLSA in this case, but to the extent one is asserted, the Defendant "must establish it through clear and affirmative evidence that the employee meets every requirement of an exemption." *Ale v. Tennessee Valley Authority,* 269 F.3d 680, 683 (6th Cir. 2001).

5.  Plaintiff treated and classified by Defendants as a non-exempt, hourly paid employee under the Fair Labor Standards Act.  She regularly worked in excess of 40 hours per week and was not paid an overtime premium for all the overtime hours worked at time and one-half her regular rate of pay; and was not timely paid

for overtime wages when owed as well as being subjected to an unlawful practice of deduction hours and time from Plaintiff's time records. Plaintiff Allen has suffered damages as a consequence.

## The Parties

6. Plaintiff is a Georgia resident who began working for Defendants within the meaning of the FLSA from approximately sometime in March, 2018 until her unlawful and retaliatory termination by Defendants on or about October 17, 2018.

7. Defendant, Gamel Accounting & Tax Resolution Inc., (hereinafter referred to as "Gamel") is a Georgia, for-profit corporation, with a principal address of 7680 Ryefield Drive, Atlanta, GA; and lists co-defendant, Edilene Johansson, CEO as its registered agent to be served at the same corporate office. Defendants may have moved their principal office to 8218 Duralee Lane, Douglasville, GA 30135, as this is where Plaintiff, defendant Bush, and most employees worked from.

8. Defendant, EDILENE JOHANSSON, is the owner and CEO of Gamel, and a resident of Georgia and subject to this Court's jurisdiction. Johannson directed the work of plaintiff, created and instituted the unlawful pay practices complained of, and was responsible for the termination of Plaintiff's employment.

9. Defendant, Jessica Bush, is a resident of Georgia, and was Plaintiff's immediate superior. Bush was employed as the office manager, and also directed

the work of plaintiff, enforced and instituted the unlawful pay practices complained of, and was also, upon information and belief, involved in the decision to terminate plaintiff's employment with Gamel.

10. Johansson is most superior officer and manager of GAMEL and the supervisor of the Plaintiff and Bush.

11. Upon information and belief, both Bush and Johansson set employee work schedules, rates of pay for all employees, including the Plaintiff, and otherwise instructed the Plaintiff and the other employees as to their job duties and requirements and directed and supervised the work of Plaintiff.

12. As an officer, manager, or owner of Defendant GAMEL, Bush and Johannson are each an "employer" within the meaning of the FLSA. *See In re Van Diepen, P.A.*, 236 Fed. Appx. 498, 12 Wage & Hour Cas. 2d (BNA) 1358 (11th Cir. 2007) (allowing individual liability).

## *Jurisdiction*

13. The Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and § 1337 and 29 U.S.C. § 216(b) because this action involves a federal question under the Fair Labor Standards Act

14. This Court has personal jurisdiction over Defendants because one is a company organized under the laws of Georgia which continuously operates and

transacts business inside the State of Georgia at the principal place of business within this District,and the others were officers and managers over Plaintiff living and working in this District.

15. This Court has personal jurisdiction over the individual Defendants because they are Georgia residents residing in this district, and the act complained of as to which they are responsible for, and as Employers, occurred within this district at Defendant Gamel's office located at 8218 Duralee Lane, Douglasville, Georgia 30135.

16. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b) because the acts complained of by Plaintiff occurred in the Northern District of Georgia, specifically in Atlanta, Fulton County, Georgia.

17. This Court has discretionary supplemental jurisdiction over the pendent and related state law claims pursuant to 28 U.S.C. §1367, as they arise of the same common nucleus of facts.

### *Plaintiff's Job*

18. Plaintiff was employed with Gamel as a staff accountant, and is not a Certified Public Accountant.

19. Her job duties regularly consisted of preparing tax returns for individuals and businesses, as to which, prior to delivery to the clients, had to be approved by a CPA employed by Gamel.

20. Plaintiff did not manage or supervise employees.

21. Plaintiff was paid on an hourly, non-exempt basis by Defendants.

22. Plaintiff was also promised by Defendants to be paid the sum of 3% of any weekly billing to clients for preparing tax returns.

23. Plaintiff was first paid $14.00 per hour, then $16.00 per hour, then raised to $23.00 per hour in approximately April 1, 2018 until the date of her termination.

24. Plaintiff logged in or clocked in her work hours, and she was paid on a weekly basis.

25. However, Defendants began to shave off and remove work hours from Plaintiff's time records when her hours would place her over 40 in any workweek, and trigger the entitlement to overtime wages.

26. Defendants made deductions to Plaintiff's time records on a routine basis, removing upwards of 1 hour per day.

27. Plaintiff routinely worked through her meal break or otherwise did not take an uninterrupted 30 minute meal break, but Defendants removed 2.5 hours each week from her pay for the meals over her protest, in addition to removing other

work hours to keep them from arguably having to pay Plaintiff a premium for overtime hours worked and overtime pay.

28. Later, when Plaintiff confronted Defendants about the lack of overtime pay and a premium for all overtime hours, Defendants instead, and in lieu of paying Plaintiff time and one-half for all overtime hours worked over 40 in any work week, was offered "comp time".

29. Plaintiff confronted Bush about their pay practices, specifically expressing her opinion that their comp time policy or practice in lieu of paying overtime premiums to herself and other employees was unlawful, and as well as their unlawful practice of removing time and refusing to pay her for hours worked when they knew or should have known Plaintiff worked these hours as evidenced by the time records.

30. Plaintiff later presented Defendants with an accounting of overtime hours she claimed to be owed which had been removed from her time records and for which she was not paid any wage for.

31. After arguing and fighting with Plaintiff related to the alleged lawfulness of their pay practices and Plaintiff's claim for unpaid overtime wages, Defendants relented and agreed to pay Plaintiff just 12 of the approximately 23 hours she believed were shaved off her records.

32. Defendants would not provide Plaintiff the records of the redacted time.

33. The 12 overtime hours were paid at time and one-half her base hourly rate, but, Defendants refused to pay liquidated damages, despite the fact that the overtime wages were not paid when due and not in the following weekly paychecks.

34. Plaintiff continued to work approximately 45 or more hours each week, but Defendants continued to remove all overtime hours from her paycheck and make deductions for meal breaks which Plaintiff did not take and as to which she repeatedly refuted and complained to Defendants about their continued unlawful deductions.

35. It is well settled that employees are *presumed* to be non-exempt; that is, that they are entitled to overtime at the rate of time and one-half their regular hourly rate for hours worked after 40 each week. *Ale v. Tennessee Valley Authority,* 269 F.3d 680, 683 (6th Cir. 2001).

36. If these records are unavailable or unreliable, Plaintiff may establish the hours she worked solely by her testimony, and the burden of overcoming such testimony shifts to the employer. See *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946).

37. Indeed, Section 211(c) of the FLSA requires employers to "make, keep and preserve records" of employees' "wages, hours, and other conditions and practices of employment." *Id.*; 29 C.F.R. § 516(1). Although there is no private cause of action against an employer for noncompliance with recordkeeping obligations, improper recordkeeping practices may have a significant evidentiary impact in FLSA cases. Where an employer has not kept adequate records of wages and hours, employees generally may not be denied recovery of back wages on the ground that the precise extent of their uncompensated work cannot be proved. *Dole v. Alamo Foundation*, 915 F.2d 349, 351 (8th Cir. 1990). Instead, the employees "are to be awarded compensation on the most accurate basis possible." *Id.* (citing *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687-88 (1946)). The plaintiff may establish "a just and reasonable inference" as to the uncompensated work performed. *Anderson*, 328 U.S. at 687-88. This can be done by a plaintiff's own testimony as to their regular work habits. Once the plaintiff has offered testimony or evidence of uncompensated labor, "the burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negate the reasonableness of the inference to be drawn from the employee's evidence." *Id*

38. During Plaintiff's employment, Plaintiff routinely worked in excess of 40 hours in a week and was not paid time and one-half (1.5) for all these work hours, nor was she timely paid for all overtime hours worked.

39. The Defendants are aware that the Plaintiff routinely worked more than forty (40) hours a week, and that the hours they were deducting from her records were time which Plaintiff had worked.

40. The time sheets Plaintiff completed thus are inaccurate and unreliable and as such, Plaintiff may establish the hours she worked solely by her testimony, and the burden of overcoming such testimony shifts to the employer.  *See Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946).

### *Defendants' Bad Faith in Stealing Wages*

41. Defendants' failure to pay overtime compensation, specifically by editing and shaving off hours, was a knowing and willful violation of the FLSA.

42. Defendants *knew* they should be paying Plaintiff overtime wages, and maintaining an accurate and contemporaneous time recording system, as Defendants employ hourly, non-exempt employees.

43. Defendants *were aware* of the laws concerning overtime pay and the FLSA, as accounts and having in their employment a CPA, and that they were subject to the FLSA overtime wage requirements.

44. Defendants also knew that shaving time and editing off from their records, hours recorded by Plaintiff and refusing to pay all hours logged and clocked in, was unlawful.

45. Defendants did not check with counsel to determine whether their pay practices were in compliance with the Fair Labor Standards Act.

46. Defendants did not check with the Department of Labor to determine whether their pay practices were in compliance with the Fair Labor Standards Act.

47. Accordingly, Plaintiff is entitled to recover all overtime pay due for the hours worked for which compensation was not paid, liquidated damages, and attorneys' fees

48. Defendants have not made a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff and their record keeping practices.

### *Coverage under the FLSA*

49. Defendants qualify for and are subject to both traditional and enterprise coverage under the FLSA for all the relevant time periods contained in this Complaint. Said differently, Defendants are subject to the FLSA.

50. During the times relevant to this Complaint, Gamel employed greater than 2 employees, and upon information and belief, generated more than $500,000 in revenues for the past 3 years.

51. Plaintiff was also paid by one entity for the work she performed for both entities.

52. At all relevant times Defendants have been and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of FLSA 29 U.S.C. §§ 206(a) and 207(a).

53. The FLSA defines "employer" as any "person" acting directly or indirectly in the interest of an employer in relation to an employee. 29 U.S.C. § 203(d). *See also Boucher v. Shaw*, 572 F.3d1087, 1090 (9th Cir. Nev. 2009) (the definition of "employer" under the Fair Labor Standards Act (FLSA) is not limited by the common law concept of "employer," but is to be given an expansive interpretation in order to effectuate the FLSA's broad remedial purposes).

54. Defendants employed Plaintiff as an employee within the meaning of the FLSA § 203.

55. In September, 2018, Plaintiff emailed Defendants again reporting and complaining that their pay practices violate the FLSA, and even pointed Defendants to the applicable statute and pay violations.

56. Thereafter, in retaliation, Defendants cut Plaintiff's work hours and continued to retaliate against her, meanwhile posting for her job and representing it was a "45

hours per week" position, while refusing to permit Plaintiff to work more than 40 hours.

57. Defendants sought to maintain their unlawful comp time practices in lieu of paying overtime wages.

### COUNT I: Overtime WAGES Due Under the FLSA 29 U.S.C. § 207

58. Plaintiff realleges paragraphs 1-57 as if fully set forth in this Count.

59. Plaintiff brings this Complaint for violations of the FLSA to recover unpaid wages in violation of the overtime pay requirements, liquidated damages, interest, and reasonable attorneys' fees.

60. At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA. Further, Defendants knew of all the hours Plaintiff worked.

61. As started herein, Plaintiff was entitled to overtime compensation at a rate no less than time and one-half (1.5) her regular rate of pay for hours she worked beyond forty in any given work week.

62. Plaintiff worked overtime routinely throughout her employment and prior to Defendant's termination of her employment, including working through lunches, and staying later than the schedule.

63. Defendants did not pay Plaintiff a premium for all overtime compensation and willfully edited and shaved time from her records to avoid paying overtime premiums.

64. Defendants' failure to pay Plaintiff overtime compensation at a rate not less than time and one-half (1.5) times her regular rate of pay, or any overtime premium, for all hours worked over forty (40) in a given work week is a willful violation of the FLSA, in particular, 29 U.S.C. § 207, and § 255(a).

65. Defendant's untimely payment of overtime wages to Plaintiff also is by itself a violation of the FLSA, and Plaintiff is owed liquidated damages for the 12 hours of overtime hours untimely paid.

66. "The courts have held that a cause of action under the [FLSA] for unpaid minimum wages or unpaid overtime compensation and for liquidated damages 'accrues' when the employer fails to pay the required compensation for any workweek at the regular payday for the period in which the workweek ends." 29 C.F.R. § 790.21(b).

67. Due to Defendants' FLSA violations, Plaintiff has suffered damages and is entitled to recover from Defendants the unpaid overtime compensation, and an additional amount equal as liquidated damages, prejudgment interest, reasonable

attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. §216(b).

## COUNT II: UNLAWFUL RETALIATION IN VIOLATION OF FLSA SECTION 15(a)3

68. Plaintiff adopts and realleges paragraphs 1-57 as if fully set forth herein.

69. Plaintiff repeatedly complained and opposed Defendants' unlawful pay practices, specifically calling their actions of editing and removing time from her records to avoid paying overtime wages, and offering comp time in lieu of overtime as unlawful.

70. Defendants acknowledgement and admission that they did improperly deduct work hours and willfully refuse to pay plaintiff for all hours worked by paying her 12 of the 23 hours she claimed to be owed.

71. Defendants were enraged, upset and displeased with Plaintiff's actions and complaints about their pay practices and her demands for payment of overtime wages and compensation for all hours worked.

72. In retaliation for Plaintiff's complaints about Defendants' unlawful pay practices, Defendants terminated Plaintiff's employment.

73. Any stated reason for terminating Plaintiff's employment by Defendants was and is false, and is a pretext for unlawful retaliatory conduct in violation of the FLSA'S anti-retaliation provision of Section 215(5)a.

74. As a direct result of Defendants' willful, malicious retaliatory discharge of Plaintiff's employment, she has suffered and continues to suffer harm and damage.

## COUNT III: BREACH OF CONTRACT

75. Plaintiff adopts and realleges paragraphs 1-57 as if fully set forth herein.

76. When Defendants were in the process of hiring Plaintiff, they represented that Plaintiff was eligible to receive a non-discretionary commission on a weekly basis as an inducement to get Plaintiff to accept the position.

77. Defendants offered to Plaintiff, and did promise to pay her, a commission or bonus of 3% of of all tax returns billed to clients in each week; this was part of the terms of their offer of employment to Plaintiff which she relied upon and accepted.

78. Plaintiff routinely billed upwards of $5000 or more each week.

79. When Plaintiff requested the commissions earned and promised, Defendants stalled, delayed and ignored her requests.

80. Plaintiff was entitled to, and did earn commissions (or bonus) as promised, but Defendants refused to pay her without explanation.

81. Plaintiff relied upon Defendants' promise to pay her this bonus or commission of 3% in making her decision to accept the position offered as a staff accountant.

82. Defendant has willfully refused to pay Plaintiff the bonus or commission owed, in breach of their agreement and contractual promise, causing Plaintiff to suffer damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief:

a. That the Court finds the Defendants in violation of the overtime compensation provisions of the FLSA and that the Court finds that Defendants' violation of the FLSA was and is willful;

b. That the Court award Plaintiff overtime compensation for all the previous hours worked over forty (40) hours, in any given work week, the balance of the time and one-half due and owing in compensation, AND award liquidated damages of an equal amount on all sums due, and on the prior payment of untimely overtime wages paid by Defendants to Plaintiff;

c. That the Court order Defendants to reinstate Plaintiff and award all back pay owed plus an equal sum in liquidated damages;

d. In lieu of reinstatement for the unlawful retaliatory discharge, award Plaintiff 3 years of front pay and all other compensatory and punitive and liquidated damages; and

e. Award Plaintiff her attorneys' fees and costs pursuant to § 216 of the FLSA;

f. Award Plaintiff the commission or bonuses she earned;

g. Award Plaintiff any other relief in equity this Court deems fair and just.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this Complaint.

Respectfully submitted this 13th day of November, 2018 by:

*/s/Mitchell L. Feldman*

Mitchell L. Feldman, Esq.
Georgia Bar No. 257791
1201 Peachtree Street, NE
400 Colony Square #200
Atlanta, GA 30361
T: 877 946 8293
F: 813 639-9376
Email: mitch@feldmanwilliams.com
*Counsel for Plaintiff*