## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| MAURINDA F. ALLEN | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: |
| | ) | 1:18-cv-05202-ELR |
| GAMEL ACCOUNTING & TAX | ) | |
| RESOLUTION INC.; EDILENE | ) | |
| JOHANSSON and JESSICA BUSH | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS GAMEL ACCOUNTING & TAX RESOLUTION INC., EDILENE JOHANSSON AND JESSICA BUSH'S JOINT ANSWER TO PLAINTIFF'S COMPLAINT

COME NOW, Defendants Gamel Accounting & Tax Resolution Inc. ("Gamel Accounting"), Edilene Johansson and putative Defendant Jessica Bush[1] who by and through the undersigned counsel file this Joint Answer and Defenses to the above-styled Complaint that has been filed pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 et seq. ("FLSA").

## DEFENDANTS' GENERAL DEFENSES

### First Defense

Plaintiff has failed to state a claim upon which relief can be granted.

---

[1] Putative Defendant Jessica Bush has not been served with the Complaint and Summons and is filing this Answer by Special Appearance only.  Ms. Bush asserts her right to preserve all defenses relating to service of process.

## Second Defense

Plaintiff's claims are barred by accord and satisfaction and/or by payment.

## Third Defense

Plaintiff's claims are barred in whole or in part to the extent that the work performed falls within exemptions, exclusions, exceptions, or credits provided for in the FLSA, even assuming for the sake of argument only, that any of the Defendants are subject to the FLSA.

## Fourth Defense

Plaintiff's claims are barred to the extent that Plaintiff has been paid and/or received all wages and all other compensation and/or reimbursement due to her by virtue of her employment.

## Fifth Defense

Plaintiff's FLSA claims against Defendant Edilene Johansson are barred as a matter of fact and law because Defendant Johansson was not Plaintiff's employer.

## Sixth Defense

Plaintiff's FLSA claims against putative Defendant Jessica Bush are barred as a matter of fact and law because Defendant Bush was not Plaintiff's employer.

## Seventh Defense

Plaintiff's FLSA claims are barred because Defendant Gamel Accounting

was not an employer subject to the FLSA.

## Eighth Defense

Defendants at all times acted in good faith to comply with the applicable law and acted with reasonable grounds to believe that their actions did not violate the statutes cited in the Complaint; in addition, Defendants assert a lack of willfulness or intent to violate the law as a defense to any claim by Plaintiff for liquidated damages.

## Ninth Defense

Plaintiff's claims are barred by the doctrine of waiver and by estoppel.

## Tenth Defense

Plaintiff's claims are barred by Defendants' good faith defense based on objective and subjective grounds including but not limited to that they reasonably relied upon the professional advice and counsel of a professional accountant.

## Eleventh Defense

Defendant  Bush asserts the defenses of insufficient process and service of process.

## Twelfth Defense

Plaintiff's breach of contract and retaliation claims fail as a matter of law and fact because Plaintiff was at all times an at-will employee whose employment

was terminated for cause due to Plaintiff's poor job performance attributable to many errors and mistakes in her accounting work which resulted in the loss of clients and caused additional work for other employees.

### Thirteenth Defense

Plaintiff's claim for retaliation fails as a matter of law because Defendant Gamel Accounting had legitimate, non-discriminatory business reasons for terminating Plaintiff's employment.

### Fourteenth Defense

Because the Defendants are not subject to the FLSA, the Court lacks subject matter jurisdiction over all of the Plaintiff's claims.

### Fifteenth Defense

In the absence of an agreement in writing, Plaintiff's claim for breach of contract pertaining to the alleged commissions fails as a matter of fact and law.

### DEFENDANTS' SPECIFIC RESPONSES TO THE NUMBERED PARAGRAPHS IN PLAINTIFF'S COMPLAINT

1.

**RESPONSE NO. 1:** To the extent that Paragraph 1 is a correct statement of law it is admitted; however, as to the phrase "as explained here," Defendants lack knowledge or information sufficient to form a belief about the truth of such allegation and so deny it.

2.

**RESPONSE NO. 2:** Paragraph 2 consists of legal claims which the Defendants can neither admit nor deny since the provisions of the law are whatever they are and otherwise speak for themselves.

3.

**RESPONSE NO. 3:** Paragraph 3 consists of legal claims and legal arguments which the Defendants can neither admit nor deny since the provisions of the law are whatever they are and otherwise speak for themselves.

4.

**RESPONSE NO. 4:** The allegations in Paragraph 4 are denied.

5.

**RESPONSE NO. 5:** Defendants admit that Plaintiff was paid on an hourly basis.  The remaining allegations in Paragraph 5 are denied.

6.

**RESPONSE NO. 6:** Defendants admit that Plaintiff was a Georgia resident at that time that she began working for Defendant Gamel Accounting on or about March 7, 2018 and that her employment was terminated for cause on or about October 17, 2018; the remaining allegation in Paragraph 6 are denied.

7.

**RESPONSE NO. 7:** The allegations in Paragraph 7 are admitted.

8.

**RESPONSE NO. 8:** Defendant Johansson admits that she is the owner and CEO of Gamel Accounting and is a resident of Georgia.  She denies that she is subject to this Court's jurisdiction under the FLSA and admits that she made the decision to terminate Plaintiff, an at-will employee; the remaining allegations in Paragraph 8 are denied.

9.

**RESPONSE NO. 9:** It is admitted that Defendant Bush is a resident of Georgia and was employed by Gamel Accounting as its office manager; all other allegations in Paragraph 9 are denied.

10.

**RESPONSE NO. 10:** Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation and meaning of "most superior officer" and so deny these allegations.

11.

**RESPONSE NO. 11:** Defendant Johansson set the pay rates for employees and decided employee pay; Defendant Bush did not have the authority to hire and

fire employees but did work as the office manager but was not supervising Plaintiff's work; neither Defendant directed and supervised the Plaintiff's work as Defendant Johansson was seldom in the office and Defendant Bush is not a CPA or an accountant or a tax preparer; the  remaining allegations in Paragraph 11 are denied.

12.

**RESPONSE NO. 12:** The allegations in Paragraph 12 are denied. Defendants Bush and Johansson were not Plaintiff's employers the meaning of the FLSA.

13.

**RESPONSE NO. 13:** Paragraph 13 is denied.

14.

**RESPONSE NO. 14:** Paragraph 14 is admitted that Defendant Gamel Accounting is a corporation registered in Georgia and doing business in the District; the remaining allegations are denied with respect to the implication that the other two Defendants "were officers and managers over Plaintiff" within the meaning of the FLSA; any remaining allegations are denied.

15.

**RESPONSE NO. 15:**  Defendants admit that the individual Defendants are

Georgia residents residing in this district; all other allegations in Paragraph 15 are denied.

16.

**RESPONSE NO. 16:** It is admitted that the acts complained of by Plaintiff are alleged to have occurred in the Northern District of Georgia; Defendants deny the remaining allegations.

17.

**RESPONSE NO. 17:** The allegations set forth in Paragraph 17 are denied.

18.

**RESPONSE NO. 18:** Defendants admit that Plaintiff was employed by Gamel Accounting as a staff accountant; Defendants lack knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 18, thus, the remaining allegations are deemed denied.

19.

**RESPONSE NO. 19:** The allegations in Paragraph 19 are admitted.

20.

**RESPONSE NO. 20:** Paragraph 20 is admitted.

21.

**RESPONSE NO. 21:** It is admitted that Plaintiff was paid on an hourly

basis; all other allegations in Paragraph 21 are denied.

22.

**RESPONSE NO. 22:** The allegations in Paragraph 22 are denied.

23.

**RESPONSE NO. 23:** The allegations in Paragraph 23 are admitted.

24.

**RESPONSE NO. 24:** Defendants admit that Plaintiff was paid on a weekly

basis; the remaining allegations in Paragraph 24 are denied.

25.

**RESPONSE NO. 25:** The allegations in Paragraph 25 are denied.

26.

**RESPONSE NO. 26:** The allegations in Paragraph 26 are denied.

27.

**RESPONSE NO. 27:** The allegations in Paragraph 27 are denied.

28.

**RESPONSE NO. 28:** The allegations in Paragraph 28 are denied.

29.

**RESPONSE NO. 29:** The allegations in Paragraph 29 are denied.

30.

**RESPONSE NO. 30:** The allegations in Paragraph 30 are denied.

31.

**RESPONSE NO. 31:** The allegations in Paragraph 31 are denied.

32.

**RESPONSE NO. 32:** Plaintiff was provided access to her time records for her own independent review; the remaining allegations in Paragraph 32 are denied.

33.

**RESPONSE NO. 33:** The allegations in Paragraph 33 are denied.

34.

**RESPONSE NO. 34:** The allegations in Paragraph 34 are denied.

35.

**RESPONSE NO. 35:** Paragraph 35 consists of legal claims which the Defendants can neither admit nor deny since the provisions of the law are whatever they are and otherwise speak for themselves; in any event, the Defendants deny being subject to the FLSA.

36.

**RESPONSE NO. 36:** Paragraph 36 consists of legal claims which the Defendants can neither admit nor deny since the provisions of the law are whatever

they are and otherwise speak for themselves; in any event, the Defendants deny being subject to the FLSA.

37.

**RESPONSE NO. 37:** Paragraph 37 consists of legal claims and legal arguments which the Defendants can neither admit nor deny since the provisions of the law are whatever they are and otherwise speak for themselves; in any event, the Defendants deny being subject to the FLSA.

38.

**RESPONSE NO. 38:** The allegations in Paragraph 38 are denied.

39.

**RESPONSE NO. 39:** The allegations in Paragraph 39 are denied.

40.

**RESPONSE NO. 40:** The allegations in Paragraph 40 are denied. Plaintiff did not complete time sheets; Plaintiff clocked in and clocked out using a standalone laptop.

41.

**RESPONSE NO. 41:** The allegations in Paragraph 41 are denied.

42.

**RESPONSE NO. 42:** The allegations in Paragraph 42 are denied insofar as

they suggest that Defendants violated the law or failed to maintain accurate time records for hourly employees.

43.

**RESPONSE NO. 43:** Defendant Gamel Accounting admits having employed a CPA; the remaining allegations in Paragraph 43 are denied.

44.

**RESPONSE NO. 44:** Defendants deny "shaving time" and deny refusing to pay Plaintiff for all hours worked; the remaining allegations in Paragraph 44 are also denied.

45.

**RESPONSE NO. 45:** Defendants deny being subject to the FLSA therefore the allegations in Paragraph 45 are denied.

46.

**RESPONSE NO. 46:** Defendants admit not consulting with the Department of Labor but deny they were subject to the FLSA; any remaining allegations in Paragraph 46 are denied.

47.

**RESPONSE NO. 47:** The allegations in Paragraph 47 are denied.

48.

**RESPONSE NO. 48:** Defendants deny being subject to the FLSA; the remaining allegations in Paragraph 48 are denied.

49.

**RESPONSE NO. 49:** The allegations in Paragraph 49 are denied.

50.

**RESPONSE NO. 50:** The allegations in Paragraph 50 are denied.

51.

**RESPONSE NO. 51:** The allegations in Paragraph 51 are denied.

52.

**RESPONSE NO. 52:** The allegations in Paragraph 52 are denied.

53.

**RESPONSE NO. 53:** To the extent that Plaintiff's statement contains correct and accurate statements of the law, Defendants admit that statement, otherwise, denied.

54.

**RESPONSE NO. 54:** The allegations in Paragraph 54 are denied.

55.

**RESPONSE NO. 55:** Defendants admit that Plaintiff sent emails which

speak for themselves; the remaining allegations in Paragraph 55 are denied.

56.

**RESPONSE NO. 56:** The allegations in Paragraph 56 are denied; Plaintiff's poor performance in making many mistakes resulted in certain clients complaining and ceasing to do business with Defendant Gamel Accounting because of Plaintiff's mistakes.

57.

**RESPONSE NO. 57:** The allegations in Paragraph 57 are denied.

58.

**RESPONSE NO. 58:** Defendants reincorporate and restate herein their prior responses to Paragraphs 1-57 as if fully restated here.

59.

**RESPONSE NO. 59:** Paragraph 59 is admitted in that Plaintiff has brought a claim under the FLSA; Defendants deny being subject to the FLSA.

60.

**RESPONSE NO. 60:** The allegations in Paragraph 60 pertaining to the FLSA are denied; Defendants admit having knowledge of the hours that Plaintiff worked.

61.

**RESPONSE NO. 61:** The allegations in Paragraph 61 pertaining to the FLSA are denied; Defendants admit having knowledge of Plaintiff's hours worked and her rate of pay in any given work week; any remaining allegations are denied.

62.

**RESPONSE NO. 62:** The allegations in Paragraph 62 are denied.

63.

**RESPONSE NO. 63:** The allegations in Paragraph 63 are denied.

64.

**RESPONSE NO. 64:** The allegations in Paragraph 64 are denied.

65.

**RESPONSE NO. 65:** The allegations in Paragraph 65 are denied.

66.

**RESPONSE NO. 66:** To the extent that Plaintiff's statement contains correct and accurate statements of law, Defendants admit that statement, otherwise, denied.

67.

**RESPONSE NO. 67:** The allegations in Paragraph 67 are denied.

68.

**RESPONSE NO. 68:** Defendants reincorporate and restate herein their prior responses to Paragraphs 1-67 as if fully restated here.

69.

**RESPONSE NO. 69:** The allegations in Paragraph 69 are denied.

70.

**RESPONSE NO. 70:** The allegations in Paragraph 70 are denied.

71.

**RESPONSE NO. 71:** The allegations in Paragraph 71 are denied.

72.

**RESPONSE NO. 72:** The allegations in Paragraph 72 are denied.

73.

**RESPONSE NO. 73:** The allegations in Paragraph 73 are denied.

74.

**RESPONSE NO. 74:** The allegations in Paragraph 74 are denied.

75.

**RESPONSE NO. 75:** Defendants reincorporate and restate herein their prior responses to Paragraphs 1-74 as if fully restated here.

76.

**RESPONSE NO. 76:** The allegations in Paragraph 76 are denied.

77.

**RESPONSE NO. 77:** The allegations in Paragraph 77 are denied.

78.

**RESPONSE NO. 78:** The allegations in Paragraph 78 are denied.

79.

**RESPONSE NO. 79:** The allegations in Paragraph 79 are denied.

80.

**RESPONSE NO. 80:** The allegations in Paragraph 80 are denied.

81.

**RESPONSE NO. 81:** The allegations in Paragraph 81 are denied.

82.

**RESPONSE NO. 82:** The allegations in Paragraph 82 are denied.

83.

To the extent that a response is required to the Prayer of Relief, it is denied that Plaintiff is entitled to any relief.

## <u>DEFENDANTS' GENERAL DENIALS</u>

Defendants deny all allegations, whether express or implied, not explicitly

17

admitted in the preceding numbered paragraphs.

**WHEREFORE,** Defendants respectfully request that this Honorable Court:

(a) dismiss Plaintiff's Complaint with prejudice;

(b) deny Plaintiff's demands and prayer for relief;

(c) award costs and reasonable attorney fees to Defendants that are incurred

in the defense of this action; and

(d) grant Defendants such other and further relief as the Court deems just

and proper.

Respectfully submitted this 28th day of December of 2018 by:

**s/Albert J. Bolet, Esq.**
Albert J. Bolet, III
Ga. Bar No. 065785
*Lead Counsel for Defendants*
Hipolito M. Goico, Esq.
Georgia Bar No. 299195
Janice D. Ward, Esq.
Georgia Bar No. 737281
*Attorneys for Defendants*
Gamel Accounting & Tax
Solutions, Edilene Johansson
and Jessica Bush

GOICO & BOLET, P.C.
2021 North Druid Hills Road, N.E.
Suite 200
Brookhaven, Georgia  30329
Telephone:  (404) 320-3456
abolet@goicobolet.com
hgoico@goicobolet.com
jward@goicobolet.com

The undersigned certifies that this document complies with the font and point selections approved by the United States District Court of the Northern District of Georgia in LR 5.1C.  This document has been prepared in Times New Roman, 14 point font, and complies with all other applicable formatting rules.

*/s/ Albert J. Bolet, III*
Albert J. Bolet, III
Georgia Bar No. 065785
Lead Counsel for Defendants

GOICO & BOLET, P.C.
2021 North Druid Hills Road, N.E.
Suite 200
Brookhaven, Georgia  30329
Telephone:  (404) 320-3456
Facsimile:  (404) 320-3026
abolet@goicobolet.com

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

MAURINDA F. ALLEN                    )
                                     )
    Plaintiff,               )
                                     )
v.                                   )    Civil Action No.:
                                     )    1:18-cv-05202-ELR
GAMEL ACCOUNTING & TAX               )
RESOLUTION INC.; EDILENE             )
JOHANSSON and JESSICA BUSH           )
                                     )
    Defendants.              )

## <u>CERTIFICATE OF SERVICE</u>

    I hereby certify that on this date, I have electronically filed DEFENDANTS'

ANSWER TO COMPLAINT with the Clerk of Court using the CM/ECF system

which will automatically send email notification of such filing to the following

attorneys of record:

            Mitchell L. Feldman, Esq.
            1201 Peachtree Street, NE
            400 Colony Square #200
            Atlanta, Georgia 30361
            mitch@feldmanwilliams.com

Respectfully submitted this 28th day of December of 2018.

*__s/ Albert J. Bolet, III, Esq.__*
Albert J. Bolet, III
Ga. Bar No. 065785
Lead Counsel for Defendants
Gamel Accounting & Tax Solutions,
Edilene Johansson and Jessica Bush

GOICO & BOLET, P.C.
2021 North Druid Hills Road, N.E.
Suite 200
Brookhaven, Georgia 30329
Telephone: (404) 320-3456
abolet@goicobolet.com